UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KIM ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:16-CV-297-WTL-DKL |
| ) | |
| NATHAN ADAMS, ED MICHAELS, and ) | |
| RICK GRAVES, as COMMISSIONERS ) | |
| OF GREENE COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Come now the defendants, Board of Commissioners of Greene County, Nathan Abrams, Ed Michael and Rick Graves, and submit this memorandum in support of their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.   INTRODUCTION

Plaintiff Kim Ross, a former chief deputy auditor of Greene County, has sued each of the commissioners in their official capacities, alleging she was not paid overtime compensation in violation of the Fair Labor Standards Act (FLSA) and the Indiana Minimum Wage Law (MWL) and that by failing to comply with these laws, defendants breached an employment contract with her.  Ross's complaint is subject to dismissal because she was a policymaking employee and member of the personal staff of an elected official and therefore excluded from the definition of "employee" under the FLSA.  29 U.S.C. § 203(e)(2)(C).  Moreover, the county was not Ross's employer under the Act.  However, because the county is an employer subject to the FLSA, it is not subject to the MWL.  Finally, Ross does not state a plausible claim for breach of contract based on an alleged non-compliance with these laws.

## II.     PLEADINGS

For the purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the facts alleged in the complaint are presumed, but not admitted, to be true. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citing *Erickson v. Pardus*, 551 U.S.89 (2007), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). But legal conclusions or threadbare recitations of the elements of a cause of action are not entitled to this presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 555).

Ross pleads that from January 3, 2011 through July 22, 2014, she was employed as the chief deputy auditor, earning an hourly rate of $14.97 (DE 1, ¶ 9). The complaint further alleges that she regularly worked in excess of 40 hours a week but was not compensated for overtime hours (*Id.* at ¶ 10). Per the complaint, Ross was terminated, and at the time of her termination, she was owed $4,732.95 in unpaid wages (*Id.* at ¶¶ 12-13).

The complaint asserts that Greene County is an employer under the FLSA and that its failure to pay Ross overtime compensation willfully violated the FLSA (*Id.* at ¶¶ 8, 15). In the alternative, the complaint asserts that if the county is not subject to the FLSA, Ross is owed overtime compensation under Indiana's MWL, Indiana Code § 22-2-9 (*Id.* at ¶¶ 18-21). As to the breach of contract claim, the complaint alleges that Greene County had an agreement with Ross to pay her wages and comply with federal and state requirements for doing so (*Id.* at ¶ 24). By failing to pay overtime, it breached its contract with Ross (*Id.* at ¶ 25).

## III. ARGUMENT

### A. Rule 12(b)(6) standard under *Twombly* and *Iqbal*.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570); *Jackson v. Blitt & Gaines, P.C.*, ___ F.3d ___, 2016 WL 4376514, at *1 (7th Cir. Aug. 17, 2016); *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although factual assertions in the complaint are entitled to the assumption of truth, a claim may dismissed if the plaintiff has pled herself out of court by alleging facts demonstrating she has no viable claim. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008); *Roppo v. Travelers Companies*, 2015 WL 1777469, at *3 (N.D. Ill. Apr. 16, 2015) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006)).

In the interest of justice and economy, every effort should be made by the district court from the start of a case to determine its likely merit and guide it to as swift a conclusion as is consistent with doing justice to the parties. *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 958-59 (7th Cir. 2009). The *Twombly* and *Iqbal* decisions emphasize the importance of prompt dismissal of unmeritorious cases. *Id.*

### B. As the chief deputy auditor Ross was a policymaking employee and member of the personal staff of an elected official and therefore excluded from the definition of employee under the FLSA.

Ross's averment that she worked as a chief deputy auditor defeats her claim that she is entitled to overtime compensation under the FLSA. The FLSA requires employers to pay

3

employees a minimum wage for all hours worked, 29 U.S.C. § 206. It also mandates employers pay non-exempt[1] employees one and one-half times their regular hourly rate for every hour worked beyond 40 hours per week. 29 U.S.C. § 207.

Ross is not an "employee" as that term is defined in the FLSA. In pertinent part, an employee is an individual employed by a state or political subdivision *except* an individual:

> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him;
>
> and(ii) who—
>
>> (I) holds a public elective office of that State, political subdivision, or agency,
>>
>> (II) is selected by the holder of such an office to be a member of his personal staff,
>>
>> (III) is appointed by such an officeholder to serve on a policymaking level,
>>
>> (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
>>
>> (V) is an employee in the legislative branch or legislative body of that State, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203(e)(2)(C).

A Department of Labor regulation provides the following with respect to a policymaking employee and a member of an elected official's personal staff:

> In order to qualify as personal staff members or officials in policymaking positions, the individuals in question must not be subject to the civil service laws of their employing agencies. The term "civil service laws" refers to a personnel system established by law which is designed to protect employees from arbitrary action, personal favoritism, and political coercion, and which uses a competitive or merit examination process for selection and placement. Continued tenure of employment

---

[1] Defendants deny that as a chief deputy auditor that Ross was non-exempt but are not seeking dismissal on that basis.

4

of employees under civil service, except for cause, is provided. In addition, such personal staff members must be appointed by, and serve solely at the pleasure or discretion of, the elected official.

29 C.F.R. § 553.11(c).

As the chief deputy auditor, Ross was not subject to a civil service law. She instead served at the pleasure of the elected auditor. Indiana Code § 36-2-16-4. In fact the county through its board of commissioners has no authority to appoint or terminate the deputies of county officials. *Local 1963 of U.A.W. v. Madison County*, 999 N.E.2d 949, 957 (Ind. Ct. App. 2013), *trans. denied*, 8 N.E.3d 202 (Ind. 2014) (discussing Ind. Code § 36-2-16-4). Her position therefore falls within both the personal staff and policymaking exclusions.

### 1.    Ross was a policymaker as a matter of law.

Much of the case law concerning the determination of who is a policymaking employee has been developed in First Amendment political patronage cases. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 64 (1990); *Elrod v. Burns*, 427 U.S. 347, 367 (1976); *Branti v. Finkel*, 445 U.S. 507 (1980). These cases hold that the prohibition against political firings does not apply to employees who are "policymakers." The Seventh Circuit applies the same analysis to decide whether an employee is a policymaker under the anti-discrimination statutes which like the FLSA exclude employees of state and local governments who are policymakers. *Opp v. Office of State's Attorney of Cook County*, 630 F.3d 616, 619-20 (7th Cir. 2010) (quoting *Americanos v. Carter*, 74 F.3d 138, 141 (7th Cir.), *cert. denied*, 517 U.S. 1222 (1996)).

An individual is considered an appointee on the policymaking level if "the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room for principled disagreement on goals or their implementation." *Opp*, 630 F.3d at 619-20 (quoting *Americanos*, 74 F.3d at 141). When answering

5

this question, courts look to the powers inherent in the office rather than to the actual functions performed by the current occupant. *Embry v. City of Calumet City*, 701 F.3d 231, 236; *Tomczak v. City of Chicago*, 765 F.2d 633, 640-41 (7th Cir.), *cert. denied*, 474 U.S. 946 (1985).

In *Kline v. Hughes*, 131 F.3d 708 (7th Cir. 1997), *aff'g* 1997 WL 151312 (S.D. Ind. Mar. 5, 1997), the Seventh Circuit upheld Judge Barker's holding that a deputy county auditor is a policymaking employee under the statute governing deputy auditors and other deputies of county officeholders.

The deputy auditor in *Kline* was terminated when a new auditor took office. *Id.* at 708. The Seventh Circuit observed that Indiana Code § 36-2-16-3(a), which applies to a county auditor, allowed an appointed deputy to perform all the official duties of the appointing officer and is subject to the same regulations. *Id.* at 710. The Court further noted that subsection (b) of the same statute provided that the officeholder is responsible for all official acts of the deputy. *Id.* (discussing Ind. Code § 36-2-16-3(b)). Finally, as stated by the court, Indiana Code § 36-2-16-4 allows specified officeholders, including the auditor, to appoint first deputies and other deputies of her choosing. *Id.*

The Court then concluded that the statutory scheme resulted in a deputy auditor having inherent policymaking authority as a matter of law.

> We believe that this statutory scheme places the deputy county auditor in a position that carries with it the inherent ability to have meaningful input into governmental decisionmaking on issues where there is room for principled disagreement on goals or their implementation.

*Id.* at 710 (citing *Americanos*, 74 F.3d at 141) (internal quotation omitted). Therefore, the decision to terminate deputy auditor Kline based on political affiliation did not violate her First Amendment rights. *Id.*

Any contention that Ross did not perform policymaking functions is immaterial. Both the Seventh Circuit and Judge Barker rejected Kline's similar argument that her position was outside

6

the policymaker exception because she never performed policymaking functions. As the Seventh Circuit explained:

> Nor can we accept Ms. Kline's argument that she nevertheless falls under the general rule of *Branti* and *Elrod*, and not the exception, because the duties she actually performed as deputy auditor did not involve any policy-making discretion. *Tomczak* makes clear that we must look at the powers inherent in the office rather than the duties actually performed by the particular officeholder.

*Kline*, 131 F.3d at 710 (citing *Tomczak*, 765 F.2d at 640-41). And as Judge Barker held:

> Plaintiff urges that this evidence [that no deputy auditor engaged in policymaking and that their duties were ministerial] demonstrates that Kline's former position as deputy auditor did not give her any policy-making discretion that would permit her dismissal under the exception established by *Elrod* and its progeny. Plaintiff, however, merely raises a line of argument that the Seventh Circuit expressly rejected in *Tomczak v. City of Chicago*, *supra*: to wit, that a court should look to the duties an officeholder actually performed in determining whether the position authorized meaningful input into government decisionmaking. Instead, the *Tomczak* court held that *Elrod* demands an examination of the powers inherent to the position. Consequently, Plaintiff's factual argument is without merit.

1997 WL 151312, at *4.

More recently, Judge Barker relied on *Kline* to hold that a deputy county assessor is a policymaking employee exempt from the prohibition against political firing. *Kelley v. Davis*, 2013 WL 548742 at *5 (S.D. Ind., Sept. 30, 2013). Although assessors and their deputies are governed by different statutes than auditors and treasurers, the assessor statutes are "almost identical to the statutory scheme in *Kline*, and we see no grounds to rule differently than the Seventh Circuit did in *Kline*." *Id.*

Earlier this year, a district court applied *Kline* and concluded that plaintiff deputy township assessors were policymakers excluded from the definition of employee under the FLSA. *Hanson v. Milton Twp.*, ____ F.Supp.3d ____, 2016 WL 1359379, at *4 (N.D. Ill. Apr. 6, 2016). In *Hanson*, a group of township deputy assessors brought suit when they were terminated after a new assessor took office. As pertinent here, they brought claims under the First Amendment, the Age

7

Discrimination in Employment Act (ADEA), the FLSA, and Illinois human rights and wage laws. *Id.* at *1.

The court held pursuant to *Kline* that the plaintiffs were policymaking employees exempt from the First Amendment prohibition against political firing. *Id.* at *3. The court examined the statute applicable to Illinois township assessors which allowed them or their deputies to determine the value of property. *Id.* at *2. It then discussed the holding in *Kline* that because Indiana law allows a deputy auditor to perform all official duties of an auditor, a deputy is a policymaking employee and concluded the plaintiff deputy assessors were policymakers under the First Amendment. *Id.* at *3. Again relying on *Kline*, the court rejected plaintiffs' arguments that they were "worker bees" who did not advise the elected assessor on matters of policy. *Id.* As to the ADEA, FLSA, and state law claims, the court held that because the plaintiffs were policymakers, they were excluded from the definition of employee under those Acts. *Id.* at *4.

The same result ensues here. Because Ross was a policymaking deputy under *Kline*, she is excluded from the definition of employee under the FLSA. 29 U.S.C. § 203(e)(2)(C). Because her policymaking authority is statutory, Ross's status as a policymaker does not depend upon the resolution of disputed facts. Therefore, there is no plausible basis upon which she can prevail on her FLSA claim. The claim, therefore, is subject to dismissal on this basis alone.

### 2. <u>Ross was on the personal staff of the auditor.</u>

Alternatively her position also falls under the personal staff exclusion. Per the DOL regulation discussed above, individuals who are not subject to civil service laws and serve at the pleasure of the officeholder qualify as both policymakers and members of an elected official's person staff. 29 C.F.R. § 553.11(c). The regulations further provide that personal staff include individuals under the direct supervision of the elected official and who have regular contact with the

8

official. 29 C.F.R. § 553.11(b). Per the complaint, Ross was the *chief* deputy auditor. Any claim that she reported to someone other than the elected auditor and that she did not have regular interaction with him is not plausible and defies common sense. *See Cooney*, 583 F.3d at 971 (quoting *Iqbal*, 556 U.S. at 679) (court must draw on judicial experience and common sense in ruling on motion to dismiss).

In *Rutland v. Pepper*, 404 F.3d 921, 924 (5th Cir. 2005), a deputy chancery clerk brought a Family Medical Leave Act (FMLA) claim against the elected clerk. The Fifth Circuit noted that the FMLA incorporated the FLSA definition of employee, including the exclusion of personal staff of elected officeholders. *Id.* at 923. It further noted the factors to be considered in determining whether a position falls under the personal staff exemption:

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Id.* at 923-24 (quoting *Teneyuca v. Bexar County*, 767 F.2d 148 (5th Cir. 1985)[2]).

Apply these factors, the *Rutland* court noted that it was undisputed that the clerk had the authority to hire and fire the deputy; the deputy was accountable only to clerk; the deputy represented the clerk to the public; the clerk exercised control over the deputy's position; the deputy was the clerk's immediate subordinate; and the parties worked closely together. *Id.* at 924.

Here, as discussed above, a chief deputy auditor serves at the pleasure of the elected auditor. I.C. § 36-2-16-4. She therefore is subject to hiring and firing by the auditor and is accountable to him. Her position is subject to his control. Because a chief deputy has the legal authority to

---

[2] The *Rutland* court noted that though *Teneyuca* was a Title VII case, that statute, the FLSA, and FMLA all contained identical definitions of employee. *Rutland*, 404 F.3d at 924, n. 2.

9

perform all official duties of the auditor, Indiana Code § 36-2-16-3, she represents him before the public. Also, the auditor is responsible for all official acts of his deputy. *Id.* As the chief deputy, Ross would be second in command and presumably had a close working relationship with the auditor. While the personal staff determination can turn on disputed facts, in this case, the statutory relationship between an auditor and his chief deputy preclude a finding that Ross was not on the personal staff of an elected official.

Ross's allegation that she was a chief deputy auditor defeats her FLSA claim  Because she is excluded from the definition of employee under the alternate bases of the policymaker and personal staff exemption, she fails to state a claim under the FLSA for which relief can be granted. Her claim therefore must be dismissed.

### C. The Greene County commissioners are not Ross's employer.

Ross has sued each member of the Greene County board of commissioners in his capacity as a commissioner. An official capacity suit is treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *Smith v. Metropolitan School Dist. Perry Twp.*, 128 F.3d 1014, 1021 n. 3 (7th Cir. 1997), *cert. denied*, 524 U.S. 951 (1998).

The commissioners are not Ross's employer. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee" and includes a public agency. 29 U.S.C.§ 203(d). In *Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1377 (S.D. Ga. 2016), *reconsideration denied*, 2016 WL 3190660 (S.D. Ga. June 6, 2016), *appeal pending*, the court held that county board was not the employer of a chief deputy clerk:

> While McIntosh County may provide Defendant [clerk] Goodrich with the funding she needs to pay her employees, Defendant McIntosh County Board is not Plaintiff's employer. See Ga. Const, art. IX, § 2, ¶ I(c)(1) (stating that counties do not have the power to "affect [ ] any elective county office, the salaries thereof, or the personnel

thereof, except the personnel subject to the jurisdiction of the county governing authority"); *Taylor v. Bartow Cnty., Ga.*, 860 F.Supp. 1526, 1536 (N.D.Ga.1994) ("Deputy clerks of superior court are not county employees, but the employees of the clerk of superior court."); *Warren v. Walton*, 231 Ga. 495, 202 S.E.2d 405, 409 (1973) (stating that "deputy sheriffs are personnel of the sheriff," not personnel subject to jurisdiction of the county). Therefore, Plaintiff's FLSA claim against Defendant McIntosh County Board cannot continue.

The same result ensues under Indiana law. In our state, the auditor is also a constitutional officer directly elected to office. Ind. Const. art. 6, § 2(a). The auditor alone appoints his or her deputies. I.C. § 36-2-16-4. The county fiscal body merely appropriates funds to hire deputies. *Id.* As a matter of Indiana law, there is no agency relationship between an independently elected officer and the county. *Radcliff v. County of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994); *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990). The commissioners have no authority to appoint or discharge the deputies of the elected officials. *Local 1963*, 999 N.E.2d at 957. While the county council funds the auditor's office, it does not employ his deputies. The county, therefore, is not the employer of these deputies for the purpose of the FLSA.[3]

### D. Greene County is not covered by Indiana Minimum Wage Law

Because Greene County is a covered employer under the FLSA, it is not subject to Indiana's Minimum Wage Law (MWL). Like the FLSA, the MWL requires covered employers to pay covered employees working more than 40 a week at least 1 ½ times the employee's regular rate for the hours worked in excess of 40. Ind. Code § 22-2-2-4(k). Its definition of employer, however, excludes employers "subject to the minimum wage provisions of the federal Fair Labor Standards

---

[3] The Seventh Circuit often applies an "economic realities" test to determine whether a defendant is the plaintiff's employer under the FLSA. *Callahan v. City of Chicago, Illinois*, 813 F.3d 658 (7th Cir. 2016) (discussing *Secretary of Labor v. Lauritzen*, 835 F.2d 1529 (7th Cir. 1987)). The Court recently clarified that the test is only pertinent to choose between employee or independent contractor status, which is not at issue here. *Id.*

Act of 1938, as amended (29 U.S.C. 201–209)." Ind. Code § 22-2-2-3.

Defendants agree with Ross's assertion that Greene County is an employer under the FLSA "engaged in commerce" and therefore subject to the obligation to pay its employees overtime compensation as required by the Act (DE ¶ 7-8). *See* 29 U.S.C. § 207. As discussed above, the parties' dispute centers on whether Ross is excluded from the FLSA definition of employee or whether she was employed by the county, not whether the county is covered by the Act. Because the county is subject to the FLSA, it not an employer under Indiana's MWL.

Ross's inability to recover against the county under the FLSA does not change this result. *Skillman v. Ivy Tech Cmty. Coll.*, 52 N.E.3d 11, 14 (Ind. Ct. App.), *trans. denied*, 54 N.E.3d 370 (Ind. 2016). In *Skillman*, the plaintiff, an employee of a state community college, argued that because his FLSA claim against the state was barred by the Eleventh Amendment, he could sue for overtime under the MWL. *Id.* at 14. The Court of Appeals rejected this argument. It held that though employees could not sue the state for FLSA violations, the state was still subject to the Act's requirements which could be enforced by the Department of Labor, even if the prospect of enforcement was "slim to nonexistent." *Id.* at 14-15. The court relied on the Indiana Supreme Court's decision in *Montgomery v. Board of Trustees of Purdue University*, 849 N.E.2d 1120, 1122 (Ind. 2006) which held that though the university had Eleventh Amendment immunity from suit under the ADEA, it was still subject to the Act through regulatory enforcement. Therefore, the plaintiff could not recover under the Indiana Age Discrimination Act (IADA) because the IADA excluded employers subject to the ADEA *Id.*; *Skillman*, 52 N.E.3d at 14 (discussing *Montgomery*).

Greene County is also subject to the FLSA. Unlike the state, it lacks Eleventh Amendment immunity and can be sued by *covered employees* for alleged violations in addition to facing regulatory enforcement of the Act. Ross is just not a covered employee. Because the county is

subject to the FLSA, it cannot be sued under MWL. Ross's claim under the MWL should therefore be dismissed.

### E. Ross does not have a breach of contract claim beyond the FLSA and MWL claims.

Ross has no separate breach of contract claim. She has not attached a purported employment contract to the complaint. Her allegation is that Greene County agreed to pay her wages for all hours worked in compliance with state and federal wage laws and breached that agreement (DE 1 ¶¶ 24-25).

Under Indiana law an enforceable contract includes an offer, acceptance, consideration, and manifestation of mutual assent. *MNW, LLC v. Mega Auto Grp., Inc.*, 884 F. Supp. 2d 740, 755 (N.D. Ind. 2012) (citing *Family Video Movie Club, Inc. v. Home Folks, Inc.*, 827 N.E.2d 582, 585 (Ind. Ct. App.2005)). Consideration is a bargained-for exchange. *AM Gen. LLC v. Armour*, 46 N.E.3d 436, 443 (Ind. 2015). It consists of "either a benefit to the promisor or a detriment to the promisee." *Id*.

As set forth in the complaint, the "promise" by Greene County is no more than to comply with applicable wage laws. The county is required to comply with the law independent of any agreement with Ross. Under contract law the promise to perform an act which the promisor is already obligated to do cannot be consideration. *In re Globe Bldg. Materials, Inc.*, 484 F.3d 946, 949 (7th Cir. 2007). Courts have relied on this principle to hold that an at-will employee has no breach of contract claim based on an alleged failure to pay wages in compliance with the FLSA or promise to comply with another law governing the employment relationship. *Gordon v. Kaleida Health*, 847 F. Supp. 2d 479, 498 (W.D.N.Y. 2012); *see also*, *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 522 (E.D. Pa. 2012) (employer's promise to comply with FMLA did not was not consideration because employer was already obligated to comply with law);

13

*Hintergerger v. Catholic Health Sys.*, 2012 WL 125270, at *15 (W.D.N.Y. Jan. 17, 2012), a*ff'd sub nom. Hinterberger v. Catholic Health Sys., Inc.*, 536 F. App'x 14 (2nd Cir. 2013) (dismissing breach of contract claim alleging non-compliance with Labor Management Relations Act).

Ross therefore has no breach of contract claim based on an alleged agreement to comply with the FLSA and MWL. Moreover as detailed above, Ross is not an employee to whom Greene County is obligated under the FLSA, and the county is not an employer covered by the MWL. Even if there was a contract between the parties to comply with these laws, that contract was not breached by a failure to pay Ross overtime. She cannot salvage her non-viable wage claims through a breach of contract action. Her breach of contract claim like the underlying wage claims should be dismissed.

## IV. CONCLUSION

Ross's FLSA claim should be dismissed because as a chief deputy auditor, she was not an employee under the Act. Nor was Greene County her employer. The MWL law claim should also be dismissed because the county is not a covered employer under that law. Finally, Ross does not have an enforceable contract based on an alleged promise to comply with federal and state wage payment laws.

Respectfully submitted

STEPHENSON MOROW & SEMLER

*s/ Rosemary L. Borek*
Rosemary L. Borek
Attorney No. 20036-41
Attorney for Defendants,
Nathan Abrams, Ed Michael, Rick Graves and the
Board of Commissioners of Greene County, Indiana

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2016, a copy of this document was filed electronically. Notice of this filing will be sent to the following persons by operation of the court's electronic filing system. Parties may access this filing through the court's system.

>Eric A. Frey
>freylaw@aol.com
>FREY LAW FIRM
>401 Ohio Street
>Suite B13
>Terre Haute, IN 47807

>_s/ Rosemary L. Borek_
>Rosemary L. Borek

STEPHENSON MOROW & SEMLER
3077 E. 98th Street
Suite 240
Indianapolis, IN 46280
Telephone: (317) 844-3830
Fax: (317) 573-4194
Email: rborek@stephlaw.com

16-6839/b.tjr